# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM VELASQUEZ, | ) 1:08cv00009 LJO GSA |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) |
| UNIVERSITY MEDICAL CENTER et. al., | ) (Doc. 6) |
| Defendant. | ) |

I.        Screening Order

    A.  Screening Requirement

Plaintiff Kim Velasquez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.      Plaintiff's claims

Plaintiff is suing University Medical Center, Abraham Appleton, M.D., Arturo Avila, P.A. and John Bilello, M.D.  She alleges she was taken to University Medical Center on April 1, 2004, for hip surgery.  During the surgery, she alleges was given a blood transfusion while she was unconscious which gave her hepatitis.  She alleges she did not learn of her condition until May 9, 2007.  Plaintiff is requesting that Defendants pay for all of the medical procedures necessary to cure her condition.  She is also seeking one million dollars in damages for Defendants' negligence.

C.      Analysis

*1. Plaintiff's Complaint*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...
> 42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F. 3d 1178, 1185 (9th Cir. 2006).  To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal constitution, 1983 offers no redress. Sweaney v. Ada County, Idaho, 119 F. 3d 1385, 1391 (9th Cir. 1997).

Plaintiff is currently a prisoner and she makes various allegations about a medical procedure that was performed several years ago.  She has named a hospital and several individuals as Defendants.  However, because the procedure occurred in 2004, it is unclear

whether Plaintiff was incarcerated at the time of the surgery.  In order for Plaintiff to be able to assert a claim under 1983, she would need to establish that she was incarcerated at the time of the surgery and/or that the individual defendants were acting under color of state law.  Further, although Plaintiff alleges Defendants were negligent, she does not articulate a violation of federal law, or a violation of her constitutional rights.

Further, section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F. 3d 978 (th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

University Medical Center is a hospital, not an individual.  As such, University Medical Center is not a properly named Defendant.  Additionally, attached to the complaint are Plaintiff's medical records which lists the other Defendants as the surgeon and assistants who performed her surgery.  However, Plaintiff fails to articulate in the complaint what the actual or causal link is between the Defendants and the deprivation she allegedly suffered.

Finally, it appears that if Plaintiff were incarcerated at the time of the surgery, she may be attempting to assert a claim of cruel and unusual punishment under the Eighth Amendment.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Further, in applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d at 1050.

Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

     2. *Opportunity to Amend*

Based on all of the above, Plaintiff fails to articulate a cognizable 1983 claim.  Therefore, Plaintiff's case shall be dismissed.  However, Plaintiff will be given leave to amend her complaint to cure the deficiencies listed above.  An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

     3. *Plaintiff's Supplement to Motion for Counsel*

On February 4, 2008, Plaintiff filed a document entitled "Exhibit A Supplement to Motion for Counsel."  (Doc. 6).  The document was nineteen (19) pages long, and contained various reports related to Plaintiff's medical condition.  There was no motion for counsel attached, and the Court will not issue an order regarding the document.  Plaintiff is advised that if she wants to file a motion for the appointment of counsel, she must do so in accordance with the Local Rules and the guidelines set forth in the informational order.  A document requesting a court order must be styled as a motion.  See, Fed. R. Civ. P. 7.

Plaintiff is further advised that the United States Supreme Court has ruled that district courts lack the authority to require counsel to represent indigent prisoners in civil rights cases brought pursuant to 42 U.S.C. § 1983.  See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989).  In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  However, without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

///

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form; and

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the court in this order.

If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 6, 2008**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE