# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM VELASQUEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>UNIVERSITY MEDICAL<br>CENTER et. al.,<br><br>        Defendant. | 1:08cv00009 LJO GSA<br><br>ORDER DENYING MOTION FOR COUNSEL<br><br>ORDER DENYING MOTION TO PROCEED INFORMA PAUPERIS AS MOOT<br><br>ORDER DENYING MOTION TO STAY THE PROCEEDINGS<br><br>(Docs. 11, 12, and 13) |

I. <u>Introduction</u>

     Plaintiff Kim Velasquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are three motions filed by the Plaintiff : 1) a motion to proceed in forma pauperis filed on February 8, 2008 (Doc. 13), 2) a motion for appointment of counsel filed on February 7, 2008 (Doc. 12), and 3) a document entitled, "Order Granting Motion to Stay and Abeyance" filed on February 8, 2008, which the court construes as a motion for stay. (Doc. 11). For the reasons outlined below, the Court DENIES all three of Plaintiff's motions.

///

///

II.	Discussion

    1.	*Motion to Proceed in Forma Pauperis*

Plaintiff previously filed a motion to proceed in forma pauperis on January 18, 2008. (Doc. 5). The Court granted this motion on February 5, 2008. (Doc. 7). Since the Court has already granted the motion, Plaintiff's instant motion to proceed in forma pauperis is denied as moot.

    2.	*Motion for Appointment of Counsel*

Plaintiff filed a motion to appoint counsel on February 7, 2008 (Doc. 12). Plaintiff also previously filed a document entitled, Exhibit A - Supplement to Motion for Counsel. (Doc. 6). The document was nineteen (19) pages long, and contained various reports related to Plaintiff's medical condition. The Court has considered both of these documents and the attachments. Plaintiff requests counsel because she is illiterate and suffers from mental and physical disabilities.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This Court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

    3.	*Motion for Stay*

Plaintiff filed a document entitled, "Order Granting Motion to Stay and Abeyance" filed on February 8, 2008, which the court construes as a motion for stay. (Doc. 11). The Court has

reviewed Plaintiff's motion, however, the motion is unclear. On the one hand, Plaintiff requests a stay so that she may exhaust administrative remedies. On the other hand, Plaintiff also requests that the Court dismiss the complaint with leave to amend any deficiency.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court has already screened Plaintiff's complaint and dismissed the complaint with leave to amend on February 6, 2008. The Court ordered that any amended complaint be filed no later than March 10, 2008. (Doc. 10). Since the Court has already dismissed Plaintiff's case with leave to amend, the current motion requesting a stay and/or leave to amend is denied. If Plaintiff chooses to file an amended complaint, it must be filed no later than March 10, 2008.

In the complaint, Plaintiff alleges she was given a blood transfusion during surgery which gave her hepatitis. As stated in the Court's previous order, it was unclear from Plaintiff's complaint whether Plaintiff was incarcerated at the time of her surgery. If Plaintiff was incarcerated at the time of the surgery, her case will be governed by the Prison Litigation Reform Act of 1995 (hereinafter, PLRA). Since Plaintiff filed a motion for stay based on exhaustion of administrative remedies, Plaintiff is advised of the following :

    a.    *Exhaustion of Administrative Remedies*

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by

submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

      At this point, since the Court does not know whether Plaintiff was incarcerated at the time of the surgery, the Court is unable to determine whether Plaintiff is required to exhaust administrative remedies. If Plaintiff was a prisoner at the time of this incident, Plaintiff is advised that the Court will not stay the proceedings to allow Plaintiff time to exhaust administrative remedies if she has not done so. Plaintiff should file an amended complaint only if she is able to cure the deficiencies outlined in the Court's previous order, and only if she has exhausted administrative remedies if she was incarcerated at the time of the surgery. Any amended complaint shall be filed no later than March 10, 2008. If Plaintiff does not file an amended complaint, the case will be dismissed without prejudice, and Plaintiff may file another complaint after the exhaustion requirement is completed.

      Based on the above, IT IS HEREBY ORDERED :

      1. Plaintiff's motion to proceed in forma pauperis is DENIED;

      2. Plaintiff's motion to appoint counsel is DENIED; and

      3. Plaintiff's motion to stay the proceedings is DENIED.

      IT IS SO ORDERED.

**Dated:   February 15, 2008**                    /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE