# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM VELASQUEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>UNIVERSITY MEDICAL CENTER, et al.,<br><br>             Defendants.<br>                                                                    / | CASE NO. 1:08-CV-00009 LJO GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTIVE RELIEF<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 15 & 16) |

I.   Introduction

Kim Velasquez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on January 2, 2008. (Doc. 1). In the complaint, he alleges he was taken to University Medical Center on April 1, 2004, for hip surgery. During the surgery, he alleges he was given a blood transfusion while he was unconscious which gave him hepatitis. On February 6, 2008, the court dismissed plaintiff's complaint with leave to amend. (Doc. 10). The deadline for Plaintiff to file an amended complaint is March 10, 2008. To date, no amended complaint has been filed.

On February 21, 2008, Plaintiff filed a motion to appoint counsel and a motion for temporary restraining order against CDC officials. (Docs. 15 & 16). The court construes Plaintiff's motion for a temporary restraining order as a motion for preliminary injunction. Both motions pending before the court are DENIED for the reasons set forth below.

II.   Plaintiff's Motions

A.   *Plaintiff's Motion for Appointment of Counsel*

On February 7, 2008, Plaintiff filed a motion for appointment of counsel. (Doc. 12). Plaintiff's motion was dated January 29, 2008. The court denied that motion on February 15, 2008.

(Doc. 14). Plaintiff's second motion to appoint counsel filed on February 21, 2008, appears to be the same motion Plaintiff filed previously. However, in the instant motion, Plaintiff has indicated a "re-newed" date of February 15, 2008. This motion is duplicative and is DENIED for the reasons set forth in the court's order dated February 15, 2008.

B.    *Plaintiff's Motion for Preliminary Injunction*

In the motion for temporary restraining order/preliminary injunction, Plaintiff alleges that he has been assigned to Vocational Area Education. In order to attend that program, Plaintiff alleges he must strip down out of his clothing and is required to bend in many different ways to comply with clearance procedures. However, Plaintiff states that he is unable to comply with these requirements due to physical limitations in his hips. Plaintiff alleges that the guards do not believe him and they are requiring him to do the movements repeatedly. Plaintiff alleges that he has been disciplined for his failure to attend the program and that he is appealing those disciplinary procedures. He states that if a TRO is not immediately granted, he will suffer irreparable injury. It is unclear from the motion whether Plaintiff is requesting that he not be required to complete the bending requirements, or whether Plaintiff is requesting that the court take some action regarding the state of the disciplinary procedures against him. In either event, the court is without jurisdiction to take any action.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

1       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
2  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
3  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
4  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
5  1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
6  no power to hear the matter in question.  Id.

7       In this instance, there is not yet an actual case or controversy before the court.  In a separate
8  order, the court dismissed Plaintiff's complaint for failure to comply with Federal Rule of Civil
9  Procedure 8(a) and ordered Plaintiff to file an amended complaint within thirty days.  There will not
10 be an actual case or controversy until the court makes a finding that plaintiff's amended compliant
11 states cognizable claims for relief under federal law against one or more of the named defendants.
12 Once that occurs, the court will not have any jurisdiction over the named defendants until they are
13 served with process and make an appearance in this action.

14      Assuming that the court makes such a finding and one or more defendants are served and
15 make an appearance in this action, Plaintiff will still not be entitled to the relief he seeks in his
16 motion.  Plaintiff's initial 1983 claims arise from the fact that he contracted hepatitis due to
17 Defendants' negligence.  It was unclear whether Plaintiff was even incarcerated at the time of the
18 surgery.  Because Plaintiff is currently seeking relief that doesn't remedy claims in the action, the
19 court lacks jurisdiction to issue the order sought by plaintiff and the motion is DENIED.

20 III.    Conclusion

21      Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for temporary
22 restraining order/preliminary injunction and Plaintiff's motion for appointment of counsel filed on
23 February 21, 2008, be DENIED.

24      IT IS SO ORDERED.

25 **Dated:    February 25, 2008**                    /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE
26