1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    KIM VELASQUEZ,                                    CASE NO. 1:08-cv-00009-LJO-GSA PC

10                           Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                       RECOMMENDING DISMISSAL OF ACTION,
11        v.                                           WITH PREJUDICE, FOR FAILURE TO
                                                       STATE A CLAIM
12
     ABRAHAM APPLETON, M.D., et al.,
13                                                     (Docs. 18 & 19)
                             Defendants.
14    _____/                OBJECTIONS DUE WITHIN THIRTY DAYS

15

16          **Findings and Recommendations Following Screening of Complaint**

17          Plaintiff Kim Velasquez is a state prisoner, proceeding *pro se* and in *forma pauperis* in

18    this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed an amended complaint on

19    March 3, 2008, and a supplement to the amended complaint on March 4, 2008.

20    **I.      Screening Requirement**

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

24    legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

25    that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26    § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

27    ///

28    ///

1   paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or

2   appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

3   1915(e)(2)(B)(ii).

4        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534

6   U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a

7   short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

8   Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's

9   claim is and the grounds upon which it rests." Swierkiewicz, supra, 534 U.S. at 512. A court

10  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

11  that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a

12  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

13  the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and

14  unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), quoting

15  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Austin v. Terhune, 367 F.3d 1167, 1171

16  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the

17  claim . . . .'"), quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001). However, "the

18  liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v.

19  Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint

20  may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

21  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), quoting Ivey v. Bd. of Regents, 673

22  F.2d 266, 268 (9th Cir. 1982).

23  **II.    Plaintiff's Claim**

24       **A.    Summary of Complaint**

25       On or about April 1, 2004, Plaintiff, then incarcerated at an unspecified institution of the

26  California Department of Corrections, underwent surgery for total replacement of his left hip and

27  removal of displaced screws. Defendant Abraham Appleton, M.D., performed the surgery,

28  assisted by Defendants Artura Avila, P.A., and John Bilello, M.D. Thereafter, Plaintiff

contracted Hepatitis C, presumably from one of the eight units of blood transfused during the surgery.  Plaintiff currently resides at Corcoran State Prison.

**C.   Eighth Amendment Claim - Deliberate Indifference to Serious Medical Needs.**

Plaintiff contends that  Defendants negligently and carelessly performed his hip replacement surgery, resulting in the unnecessary and wanton infliction of post-surgical pain and in Plaintiff's contracting Hepatitis C.  Although the adverse effects of Plaintiff's surgery are unfortunate, they do not reach the level of a constitutional violation.

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057, *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi, *supra*, 391 F.3d at 1057, *quoting* Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer, *supra*, 511 U.S. at 834.  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff here alleges negligence against the defendant-doctors whose collective care of plaintiff resulted in post-surgical pain and his contracting Hepatitis C.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  *See also* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi,

3

*supra*, 391 F.3d at 1057, 1060 (stating that "[d]eliberate indifference is a high legal standard."); Clement v. Gomez, 298 F.3d 898, 904-05 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.), *amended,* 75 F.3d 448 (9th Cir.), *cert. denied*, 516 U.S. 916 (1997)(en banc); McGuckin, *supra*, 974 F.2d at 1059;  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1998); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See* Toguchi, *supra*, 391 F.3d at 1060.

Plaintiff's claims, which sound in medical malpractice, do not state an Eighth Amendment claim for deliberate indifference to serious medical need upon which relief can be granted. Accordingly, the case against the defendant-doctors should be dismissed.

**III.    Conclusion and Recommendation**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  Because amending the complaint will not cure the deficiency, the Court hereby recommends that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order.  Martinez v.Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **July 23, 2009**              _____ **/s/ Gary S. Austin** _____
                                        UNITED STATES MAGISTRATE JUDGE